[No. 14865.    Department Two.    February 11, 1919.]

FLORENCE-RAE COPPER COMPANY, *Appellant,* v. IOWA
MINING COMPANY, *Respondent.*[1]

ESTOPPEL (18, 54)—MINING CLAIMS—PERMITTING IMPROVEMENTS.
A mining company, holding only an inchoate title and right to the
possession of mining claims, susceptible to abandonment, is estopped
to assert title where it had knowledge at the time of an attempted
relocation and stood by two years while the relocators expended a
large amount of money in development and disclosed a body of ore,
and made no claim until the first car of ore was shipped.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered November 7, 1917,
upon findings in favor of the defendant, in an action
for equitable relief, tried to the court. Affirmed.

*E. H. Guie, Earl Husted,* and *J. A. Guie,* for appel-
lant.

*Carkeek, McDonald, Harris & Coryell,* for respond-
ent.

MAIN, J.—The parties to this action are rival claim-
ants to the possessory right to four mining claims and
mill sites, which will be referred to simply as four
claims. The plaintiff claims either by original loca-
tion or through the original locators. The defendant
claims through an attempted relocation. The trial re-
sulted in denying the relief asked for by the plaintiff
and sustaining the defendant's claim to the right to
the property. From this judgment, the plaintiff ap-
peals.

During the year 1911, the Florence-Rae Copper
Company, a corporation, was the owner of the pos-
sessory right to two groups of mining claims situated
in the Sultan Basin Mining District, in Snohomish

[1]Reported in 178 Pac. 462.

county. One group is referred to as the Florence-Rae Group and consists of seventeen or eighteen claims. The other is referred to as the North Coast Group and consists of four claims, which are the ones here in dispute. The claims in neither group had gone to patent, and therefore it was necessary that the annual assessment work required by the Federal and state statutes be performed in order to keep alive the inchoate title and the possessory right. The assessment work for 1911 and prior years had been done as required by law. On July 14, 1913, one Roy J. Kimbel, claiming that the assessment work on the Florence-Rae Group had not been performed for the year 1912, attempted to relocate a number of claims of that group. As soon as the officers and agents of the Florence-Rae Copper Company learned of this attempted relocation, an action was speedily begun, asserting the rights of that company to all of the eighteen claims and denying that any of them were subject to relocation. The right of the company to the claims was sustained by this court in *Florence-Rae Copper Co. v. Kimbel*, 85 Wash. 162, 147 Pac. 881, the opinion being filed April 17, 1915.

On June 9, 1913, F. M. Curtis and William Statroen attempted to relocate the North Coast Group of four claims. The location notices were given to the secretary of the Florence-Rae Company and he caused them to be filed, and also assisted in restaking the claims. The other officers of that company, through its secretary, were informed that Curtis and Stotroen had attempted to relocate the claims, claiming that the assessment work upon them for the year 1912 had not been performed. On the 9th day of March, 1914, Curtis and Stotroen filed amended relocation notices, and on the following day, by quitclaim deed, conveyed the four claims to the Iowa Mining Company, the re-

spondent. Thereafter, this company entered into possession, and prior to August 5, 1915, when the present action was instituted, had expended in developing the property approximately $15,000. Valuable ore had been discovered, and approximately $7,000 worth thereof had been shipped to the smelter. The appellant at no time asserted a right to these claims as against respondent until on or about July 4, 1915. When the first car of ore was shipped, it wrote a letter to the smelter, claiming the ore. At the time Curtis and Stotroen attempted to relocate the claims, they were stockholders in the Florence-Rae Copper Company, but it does not appear that they had knowledge at that time that the appellant, on December 28, 1911, had contracted for their purchase. These parties became stockholders in the Iowa Mining Company.

Much of the controversy is over the question whether the assessment work for the year 1912 had been performed, and also the further question as to whether the attempted relocation was valid. As we view the case, it will be unnecessary to decide these questions, because the decision of the case is controlled by another question which will be presently mentioned. It will be assumed, but not decided, that the assessment work for the year 1912 had been performed on the four claims in controversy, and that the attempted relocation was invalid.

Accepting the assumptions just stated, the controlling question is whether the appellant was estopped from asserting a possessory right to the claims. The evidence shows that the appellant, through its officers and agents, had knowledge of the attempted relocation within a very short time after it occurred, and had knowledge that the respondent was in possession and developing the claims. It remained silent and failed to assert any right to the property

for more than two years. The first assertion of a claim to the ownership of the property, as against the respondent, was after a large amount of money had been expended upon the claims and valuable ore therefrom had been shipped to the smelter, and after the case of the *Florence-Rae Copper Co. v. Kimbel, supra,* had been decided by this court.

Under these circumstances, it must be held that the appellant is estopped to assert a possessory right to the claims. When the attempted relocation was made, the appellant had only an inchoate title and the right to possession, which was susceptible to abandonment. *Grand Prize Hydraulic Mines v. Boswell,* 83 Ore. 1, 151 Pac. 368, 162 Pac. 1063; *Sharkey v. Candiani,* 48 Ore. 112, 85 Pac. 219, 7 L. R. A. (N. S.) 791.

In the case last cited, the question here presented was involved. The defendant in that case had made locations of a mining claim with knowledge and consent of the owners of another claim with which it conflicted. After the defendant had discovered a valuable body of ore, the plaintiff, upon investigation, discovered that the claim upon which the ore was discovered overlapped one which he had previously located. Up to this time the parties had labored under a mistake as to the true boundary of the claims. The plaintiff knew of the defendant's location and that he was working the claim. It was held that the plaintiff was estopped to assert title to the property in dispute. It was there said:

"Experience in the mining regions teaches that locations of mineral bearing rock are frequently made on public land for speculative purposes only, and are often considered of little value until paying ore is discovered in the immediate vicinity, when, without any expense to the locators, they may become of immense worth. Such possible fluctuations in value demand a different rule from that which usually governs vested

estates in land, and necessitates immediate assertion of inchoate rights in mining claims, when, by the exercise of reasonable diligence, the locators could have discovered that their premises were being invaded, Dyson, Standish, and Frank and Fred Sharkey, who are experienced miners and should have known the location of the boundaries of the Louise and of the Lucky Boy No. 4 mining claims, ought to be estopped to assert that they had any interest therein in conflict with the claim of Candiani as originally indicated on the ground. To allow them to assert an adverse claim to that part of the Doctor lode now in controversy, as it should be surveyed, would be violative of every principle of equity and result in rewarding them for encouraging the development of the property.''

The facts in the present case present a stronger ground for estoppel than do the facts in that case. The decision of this question being controlling, it becomes unnecessary to review the other questions discussed in the briefs.

The judgment will be affirmed.

PARKER, FULLERTON, MOUNT, and HOLCOMB, JJ., concur.